**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CARL A. CHAMBERS,
             Appellant,

     v.

OFFICE OF PERSONNEL
   MANAGEMENT,
             Agency.

DOCKET NUMBER
SF-831M-21-0376-I-1

DATE: September 16, 2022

# THIS ORDER IS NONPRECEDENTIAL[1]

Carl A. Chambers, Stockton, California, pro se.

Jane Bancroft, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**REMAND ORDER**

¶1     The appellant has filed a petition for review of the initial decision, which affirmed an Office of Personnel Management (OPM) reconsideration decision finding the appellant ineligible for a waiver of a claimed $3,426 overpayment in Civil Service Retirement System (CSRS) death benefits based on the service of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

his father (the decedent). For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the Western Regional Office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The decedent retired based on a disability under the CSRS on April 12, 1985, Initial Appeal File (IAF), Tab 11 at 88, and died on May 28, 2017, *id.* at 59. His spouse, whom he married in 1955, *id.* at 81, predeceased him in 2013, *id.* at 60. Before her death, the decedent had designated his spouse as his beneficiary for lump-sum benefits payable under the CSRS upon his death. *Id.* at 61. The decedent did not remarry after his spouse's death. *Id.* at 59. At the time of his death in 2017, the decedent had three children, all sons, *id.* at 37, two of whom—including the appellant—were over 18 years of age, *id.* at 44, 73, and one born on September 7, 2001, *id.* at 30. The mother of the decedent's youngest son was not the decedent's spouse. *Id.* at 30, 81.

¶3      The appellant filed an application with OPM in 2019 for death benefits based on the service of the decedent. *Id.* at 44-47. In response to OPM's requests, the appellant notified OPM that the decedent had two other sons and provided their names and home addresses. *Id.* at 37-39. OPM accordingly paid the appellant a lump-sum benefit of $3,426.83, one-third of the decedent's $10,280.49 in contributions to the Civil Service Retirement and Disability Fund (Retirement Fund), reserving the remaining two-thirds for the decedent's other sons. *Id.* at 23, 35-36.

¶4      In a June 24, 2020 initial decision, OPM informed the appellant that, because lump-sum benefits are not payable if a child of a deceased annuitant is eligible for monthly benefits, and the decedent's youngest son was a minor child eligible for monthly benefits, it was seeking a return of the $3,426.83 paid to the appellant in error. *Id.* at 23-24. The appellant asked for a waiver of recovery of

the overpayment in a request for reconsideration, citing his lack of fault in creating the overpayment. *Id.* at 20-21. In an April 13, 2021 reconsideration decision, OPM affirmed its initial decision and denied the appellant's request for a waiver.[2] *Id.* at 11-13. The appellant appealed the reconsideration decision to the Board. IAF, Tab 1.

¶5     After holding the appellant's requested hearing, the administrative judge found that OPM established the existence and amount of the overpayment, based on his finding that it was undisputed that the appellant was not entitled to the death benefits he received. IAF, Tab 18, Initial Decision (ID) at 3. The administrative judge further found that the appellant was not entitled to a waiver of recovery of the overpayment despite his lack of fault, or to an adjustment of the repayment schedule. ID at 3-8. On review, the appellant claims the administrative judge failed to consider that he was without fault in creating the overpayment, and that OPM's "position is unconscionable." Petition for Review (PFR) File, Tab 2 at 3-4. OPM filed a response in opposition. PFR File, Tab 5.

The evidence is ambiguous as to the decedent's third son's entitlement to a survivor annuity.

¶6     The appellant bears the burden of establishing his entitlement to a waiver of recovery of an overpayment by substantial evidence. *Cool v. Office of Personnel Management*, 31 M.S.P.R. 270, 273 (1985); 5 C.F.R. § 831.1407(b). The burden of proof does not shift to the appellant, however, until OPM has first proven the existence and amount of an overpayment by a preponderance of the evidence.

---

[2] OPM affirmed its initial decision in an earlier reconsideration decision, which the appellant also appealed to the Board. *Chambers v. Office of Personnel Management*, MSPB Docket No. SF-831M-21-0020-I-1, Initial Appeal File (0020 IAF), Tab 1. OPM subsequently rescinded this reconsideration decision on the grounds that it failed to address the appellant's request for a waiver of recovery of the overpayment, and moved to dismiss the appeal for lack of jurisdiction. 0020 IAF, Tab 10 at 4-5. The administrative judge dismissed the appeal pursuant to OPM's motion. 0020 IAF, Tab 15, Initial Decision at 1-3.

*Sansom v. Office of Personnel Management*, 62 M.S.P.R. 560, 567 (1994); *see* 5 C.F.R. § 831.1407(a).

¶7    The applicable law governing claims for CSRS benefits based on the decedent's service—the law in effect when the decedent retired in 1985, *Jackson v. Office of Personnel Management*, 81 M.S.P.R. 107, ¶ 4 (1999)—is, in relevant part, unchanged.  Under 5 U.S.C. § 8341(e)(2),[3] a surviving child of an employee who dies after retiring is entitled to a survivor annuity.  Meanwhile, 5 C.F.R. § 831.2003(a), which the agency asserts to support its position, IAF, Tab 15, Hearing Recording (HR) (agency closing argument), states that "[i]f there is no survivor who is entitled to monthly survivor annuity benefits on the death" of a former employee or annuitant, the total lump-sum to the former employee's credit in the Retirement Fund "is payable to the person(s) entitled in the normal order of precedence" described in 5 U.S.C. § 8342(c).  In turn, 5 U.S.C. § 8342(c) provides, in relevant part, that lump-sum benefits are paid to an employee's survivors "alive at the date title to the payment arises," in an order of precedence that lists the deceased employee's designated beneficiary first, the deceased employee's widow second, and the deceased employee's children third.

¶8    OPM thus asserts that, because the decedent's third son is entitled to a survivor annuity, the appellant was not entitled to payment of a share of the decedent's lump-sum death benefits.  IAF, Tab 11 at 6.  However, under 5 U.S.C. § 8341(a)(4), eligibility for a surviving child's annuity under subsection (e) is limited to an unmarried dependent child under age 18, an unmarried dependent child incapable of self-support because of a mental or physical disability incurred before age 18, or an unmarried dependent child between ages 18 and 22 pursuing a full-time course of study at a recognized educational institution.  In addition to the requirement that the child be

---

[3] The statute codified in 5 U.S.C. § 8341(e)(1) when the decedent retired was redesignated as section 8341(e)(2) in 1986, Pub. L. No. 99-251, § 205(a)(1), 100 Stat. 25 (1986), and remains so designated at present.

unmarried, common to each of these categories is the requirement that the child be a "dependent," which 5 U.S.C. § 8341(a)(3) defines to mean that the annuitant[4] was, at the time of his death, either living with or contributing to the support of the child.

¶9    The only evidence OPM submitted of the decedent's third son's eligibility for a child's annuity under 5 U.S.C. § 8341(e) was his birth certificate and Standard Form (SF) 2800, Application for Death Benefits, which established that he was under age 18 at the time of the decedent's death and that the decedent was his father.[5]    IAF, Tab 11 at 30, Tab 14 at 11-14.    This evidence does not

---

[4] Title 5, United States Code, section 8341(a)(3) defines "dependent" only in relation to an involved employee or Member of Congress, apparently omitting any child of an annuitant from its purview.    However, excluding a child of an annuitant from this definition of "dependent" would result in a scenario in which an "employee" who "dies after retiring," meaning an annuitant such as the decedent can leave a surviving child entitled to an annuity under 5 U.S.C. § 8341(e)(2), who could never qualify for that annuity because he is excluded from the definitions of a qualifying "dependent" or "child" under section 8341(a)(3) and (a)(4).    Because provisions of a statute should be read in harmony, leaving no provision inoperative, superfluous, redundant, or contradictory, *Foret v. Department of the Army*, 105 M.S.P.R. 437, ¶ 9 (2007), we interpret the definitions of "dependent" and "child" in 5 U.S.C. § 8341(a)(3) and (a)(4), respectively, to apply to an annuitant, as doing so is necessary for the entitlement to a child's survivor annuity under 5 U.S.C. § 8341(e)(2) for the surviving child of an employee who "dies after retiring" to have any operative effect.    This interpretation is consistent with Board precedent.    *Seth-Morris v. Office of Personnel Management*, 94 M.S.P.R. 166, ¶ 4 (2003); *Rajbhandary v. Office of Personnel Management*, 91 M.S.P.R. 192, ¶ 4 (2002).

[5] The administrative judge excluded the decedent's third son's SF-2800—in which he lists himself under "Section E," which covers a decedent's unmarried dependent children, IAF, Tab 14 at 12—from admission into evidence as untimely, while also noting that the exhibit did not appear relevant.    HR (administrative judge's discussion of exhibits).    Though the exhibit may have been relevant to the issue of whether an overpayment existed, it was indeed untimely filed, as OPM filed it with an amended prehearing submission 5 days after the deadline for prehearing submissions provided in the administrative judge's order, without demonstrating good cause.    IAF, Tab 9 at 1, Tab 14.    We thus find no basis to disturb the administrative judge's exclusion of the exhibit.    However, even if the exhibit were to have been admitted, the decedent's youngest son's listing of himself under "Section E" as an unmarried dependent child of the decedent is contradicted by his listing of himself as an "other heir" of the decedent under "Section F," IAF, Tab 14 at 13, a category which the instructions to SF-2800

establish that the decedent's third son satisfied the other requirements for eligibility for a child's survivor annuity, including that he was unmarried, either of the conditions that would qualify him as a "dependent" under 5 U.S.C. § 8341(a)(3), or that after he turned 18, he was incapable of self-support because of a mental or physical disability incurred before age 18, or pursuing a full-time course of study at a recognized educational institution. OPM's evidence of the decedent's third son's entitlement to a survivor annuity, and consequently, its evidence of the existence and amount of the claimed overpayment to the appellant, is therefore ambiguous. Although the administrative judge based his finding that OPM established the existence and amount of the overpayment on his finding that they were not disputed,[6] ID at 3, this was an error, as OPM's burden of proof is not met simply based upon the absence of an objection from the appellant, *Sansom*, 62 M.S.P.R. at 567 (citing 5 C.F.R. § 831.1407(a)). The Board will require OPM to meet its burden of proof, regardless of whether the appellant objects specifically to elements of that proof, and to produce all of the relevant, material, and credible evidence bearing on the amount and existence of the overpayment. *Id.*

The administrative judge erred in denying OPM's request to notify the decedent's non-party children of their rights to intervene in the appeal.

¶10      The Board's regulations provide that administrative judges have the authority to require that persons who can be identified from the record as being "clearly and directly affected" by a pending retirement-related case be notified of

---

state include "[c]hildren of the deceased not included in Section E," IAF, Tab 11 at 49. These inconsistent representations render the SF-2800 non-probative as to the decedent's third son's eligibility for a survivor annuity under 5 U.S.C. § 8341(e).

[6] There is no indication in the record that the appellant was aware of the detailed eligibility requirements for a child's survivor annuity under 5 U.S.C. § 8341(e) to knowingly concede or dispute the overpayment. On the contrary, the appellant testified at the hearing that he did not know what government entitlements the decedent's third son was eligible for. HR (testimony of the appellant). The appellant made the same assertion in his reconsideration request to OPM. IAF, Tab 11 at 20.

their right to request intervention in the appeal so that their interests can be considered in the adjudication. 5 C.F.R. § 1201.41(b)(13). The Board has stated that an administrative judge must invite any person or organization directly affected by an appeal to intervene. *Holser v. Office of Personnel Management*, 72 M.S.P.R. 247, 250 (1996).

¶11     During the appeal, OPM requested that the administrative judge notify the decedent's non-party children of their rights to intervene in the appeal under 5 C.F.R. § 1201.34. IAF, Tab 11 at 10. The administrative judge denied this request, finding that the decedent's non-party children's rights were not potentially implicated by his decision in the appeal. HR (administrative judge's summary of prehearing discussion).

¶12     As indicated in the reconsideration decision, OPM determined the appellant was paid lump-sum death benefits erroneously based on its finding that the decedent's third son was entitled to a child's survivor annuity, IAF, Tab 11 at 11, and thus, whether the decedent's third son was in fact entitled to a survivor annuity was placed directly at issue in this appeal. The decedent's third son is therefore "clearly and directly affected" by this appeal. The rights of the decedent's other non-party child to CSRS benefits based on the decedent's service appear to be equivalent to those of the appellant, and the effect of this appeal on those rights are therefore also clear and direct. Accordingly, the interests of justice would be served by allowing the decedent's non-party children the opportunity to intervene in this proceeding, and the administrative judge's denial of OPM's request to notify them of their rights to intervene was an error. *See Alexander v. Office of Personnel Management,* 58 M.S.P.R. 358, 368 (1993) (finding that an administrative judge should have afforded a deceased employee's former spouse an opportunity to intervene in an appeal when her entitlement to a lump-sum survivor benefit could have been directly affected by the outcome of the appeal). We therefore remand this appeal to the Western Regional Office for further adjudication and order that attempts be made to

afford the decedent's non-party children an opportunity to intervene. On remand, all parties shall be permitted to introduce additional evidence and argument on the issues relevant to this case.

## ORDER

¶13    For the reasons discussed above, we remand this case to the Western Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

        /s/ for
_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.